Daniel Leslie **TANKERSLEY**, d/b/a Competitive Carpet Company, and Linda Witt Tankersley, Bankrupts, Plaintiffs-Appellees,

v.

**CREDIT EXECUTIVES SERVICE CORPORATION et al., Defendants,**

Burton Tankersley, Defendant-Appellant.

No. 73–3957.

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 24, 1974.

Rehearing Denied June 6, 1974.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Jack O. Nelson, Jr., Robert E. Garner, Lubbock, Tex., for defendant-appellant.

Bill H. Brister, Lubbock, Tex., for plaintiffs-appellees.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

Appellant Burton Tankersley, an unsecured creditor, appeals from the district court's judgment setting aside a transfer of money to him by his son, Daniel L. Tankersley, a bankrupt. The district court determined that the bankrupt's transfer of funds made within four months of a creditors' petition seeking to have Daniel Tankersley adjudicated a bankrupt was a preferential transfer and thus fell within the proscriptions of Section 60 of the Bankruptcy Act, 11 U.S.C. § 96 (1970).

The evidence fully supports the lower court's resolution of the facts. The record demonstrates that within four months of the creditor's petition, the bankrupt permitted his property to be transferred to Credit Executives Service Corporation, a liquidator of insolvent estates. Under this liquidation, approximately one-half of the bankrupt's liquidated assets were received by appellant, an unsecured creditor. Both appellant and the bankrupt knew that liquidation would result in this transfer to appellant to the detriment of the bankrupt's other creditors. All the requirements of Section 60 have been established and a recitation of the facts here would serve no legitimate purpose. Accordingly, the judgment of the district court is affirmed.